### PENNINGTON *v.* AVERA.

1. An owner of land entered into a contract with the proprietor of a sawmill for the sale of "all the timber for sawmill" purposes" on a given parcel of land.   A portion of the purchase-money was to be paid as soon as the "sawmill was located ready for sawing on said land."   If this amount was not paid, the mill was to be removed from the land before "sawing any timber thereon."   There were stipulations, "that the stumps from which such sawmill timber is sawed or cut shall be two feet high, and not any less, from the ground, and no timber is to be sawed or cut from said land . . that is less than 14 inches in diameter," that, "any stumps less than two feet high, or any timber cut less than 14 inches in diameter, shall be a violation of this contract and a termination thereof," and that the buyer was "to have twelve months in which to saw said lumber."   *Held*, that only such portions of the trees as were capable of being sawed into lumber passed under the contract.

2. In the trial of an action founded on a written contract of the character above indicated, parol evidence is inadmissible to show that at the time the contract was entered into it was the intention of the parties that the limbs and tops of trees were to pass under the contract as well as such portions of the trees as were capable of being sawed into lumber.

Argued October 6,—Decided November 10, 1905.

Complaint. Before Judge Holden. Jefferson superior court. July 4, 1905.

Avera brought suit against Pennington upon a promissory note. The defendant filed a plea alleging, that the plaintiff by a written contract sold to the defendant all the timber upon three hundred acres of land, the consideration being that defendant was to pay $1,800 and saw for plaintiff 10,000 feet of lumber; $1,200 has been paid, and the 10,000 feet of lumber delivered; the defendant under his contract had twelve months within which to remove the timber purchased; after cutting the trees the plaintiff had prevented him from removing the tops and limbs, which the defendant had sold for firewood at twenty cents per cord, there being 5,000 cords; and in view of the foregoing the defendant claims, as damages by way of recoupment against the plaintiff, $1,000 for 5,000 cords of wood at twenty cents per cord. The contract attached as an exhibit to the defendant's answer contained the stipulations set forth in the first headnote.

The jury returned a verdict for the plaintiff, disregarding the plea of recoupment. A motion for a new trial upon the general grounds was made by the defendant, and amended by the addition of the following ground: Because the court rejected parol evidence offered by the defendant, tending to show that at the time of the execution of the contract the plaintiff and defendant agreed that the defendant had the right to all the tops, limbs, and trees unfit for timber within the dimensions specified, and defendant could use the same as he saw fit; that the defendant sold this wood at twenty cents per cord, there being 5,000 cords, within the time named in the contract, and it would have been removed from the land within that time; and that the defendant was wrongfully prevented by the plaintiff from delivering the wood. The motion was overruled, and the defendant excepted.

*R. L. Gamble* and *Cain & Hardeman,* for plaintiff in error.
*James K. Hines* and *B. F. Walker,* contra.

COBB, P. J.  1. "Timber" is not a word of invariable meaning. It may be used to designate wood suitable for building houses or ships, or for use in carpentry, joinery, etc., or trees cut down and squared, or capable of being squared, or cut into beams, rafters, boards, etc., or growing trees suitable for constructive uses, or trees generally, or woods, or a single piece of wood, whether suitable for use in some construction, or already in use.  Century Dict.  Or the body, stem, or trunk of a tree.  Bouv. Dict., Rawle's Revision. The meaning to be given to the term depends upon the connection in which it is used, and sometimes upon the occupation of the person who uses the term.  In construing a contract where the word appears, it is not only proper, in determining what is intended by the parties, to look to the terms of the contract, but also the occupation of the contracting parties, and the purposes for which the contract was entered into.  See, in this connection, United States v. Stowers, 14 Fed. 824.  In the present case it is contended by one party to the contract that the term "timber" therein used conveyed all of the trees of the dimensions stated, except the stump two feet high from the ground.  The other party contends that under the contract only such portion of the trees was conveyed as was capable of being sawed into lumber.  The controversy is as to the limbs and tops, which, it is conceded, could not be converted into lumber.  The contract was for all the timber for sawmill purposes, which means all the timber suitable for sawmill purposes.  *Martin* v. *Peddy*, 120 *Ga.* 1079 (4) ; *Allison* v. *Wall*, 121 *Ga.* 823 (6).  It is said that the contract was in effect for the sale of the trees, that the words "for sawmill purposes" were descriptive of the trees that passed, and that all of the trees of the size indicated, any portion of which was capable of being converted into lumber, passed under the contract.  Of course there may be a valid sale of trees which would pass to the purchaser every part and portion thereof.  When, however, the contract under consideration is taken in its entirety, it does not appear that the parties had in mind any transaction involving the sale of the trees as such. The buyer was to locate a sawmill upon the premises.  He was to have a given time to saw that which he bought into lumber.  When the trees were cut for the purpose of sawing, a stump of a given height was to be left, and any cutting which left a stump of less than that height was to be a violation of the contract and termi-

nated the same. On the one side was the owner of the land and the trees. On the other side was the operator of the sawmill. The term "timber for sawmill purposes," construed to mean timber suitable for sawmill purposes, was to such an extent descriptive of the article sold that all timber which could be sawed into lumber became the property of the buyer, and could be used by him for any purposes he saw fit, whether lumber or otherwise. *Gray Lumber Co.* v. *Gaskin,* 122 *Ga.* 342 (5). The fact, however, that the buyer was a sawmill man is to be looked to in determining whether under the contract it was the intention of the parties that any greater portion of the trees would pass than that which would be converted into lumber in the event the buyer saw fit so to use the same. When the occupation of the buyer is taken into consideration, and the contract is construed as a whole, the proper conclusion to be reached is that it was the intention of the parties that only such portions of the trees as were capable of being converted into lumber passed under the contract.

2. Complaint is made that the court rejected testimony that it was the intention of the parties at the time the contract was made that the buyer was to have the tops, limbs, and trees unfit for timber of the dimensions specified under the contract. There was no error in rejecting this evidence. The contract was in writing, and properly construed was unambiguous, and the effect of the evidence would have been to vary the terms thereof. In the case of *Richards* v. *Gilbert,* 116 *Ga.* 382, relied on by counsel for plaintiff in error, the parol evidence as to the understanding between the parties that at the time of the execution of the mortgage it was understood that certain counters and tables on the mortgaged premises were not included was admitted without objection, and the case was decided upon the evidence as it appeared in the record. Attention is called to this fact in *Wolff* v. *Sampson,* 123 *Ga.* 400.

*Judgment affirmed. All the Justices concur.*