HANDCOCK *v.* MASSEE & FELTON LUMBER CO. *et al.*

1. The plaintiff's petition set forth a cause of action, and the court erred in sustaining a general demurrer thereto.

2. An allegation in the plaintiff's petition that the defendants, "The Massee & Felton Lumber Co. and the said T. H. T. Sutton, conspired and colluded together, and, acting for the mutual benefit of each and for the purpose of pecuniary gain of each, and acting as a firm or corporation, entered upon the lands of your petitioner, and, without any authority so to do, and as wilful trespassers, cut and carried away from the lands of your petitioner two hundred and four trees of the value of $1020; an itemized account of said trees is hereto attached, made a part of this paragraph, and marked exhibit A," sufficiently declared against the named defendants as joint tort-feasors, and was not open to attack by special demurrer on the ground that there was a misjoinder of parties.

3. The fifth and sixth paragraphs of plaintiff's petition, inasmuch as they set forth items of damage which were purely speculative, were demurrable, and the special demurrer, on the ground that said paragraphs "stated an inaccurate and illegal measure of damages," should have been sustained.

Submitted July 18, 1906.—Decided February 16, 1907.

Complaint. Before Judge Peeples. City court of Nashville. December 18, 1905.

Handcock brought an action for damages against the Massee & Felton Lumber Company and Sutton, and stated the following case: On February 22, 1900, petitioner executed to Bullard & Felton a lease whereby he sold to them "all and singular timber suitable for sawmill purposes growing on the following described lots of land [describing them]; no timber under 14 inches to be cut two feet above the dirt. . . And it is expressly understood and agreed . . that the said [grantees] is to have free use and enjoyment of the timber for the purposes aforesaid in the said lots of land for and during the term of five years from the 22nd day of February, 1900. To have and to use said described timber

for sawmill purposes as aforesaid, with all the rights and privileges of cutting and boxing the trees on said land, the construction of all necessary tramroads over said land for the purpose of conveying the crude stuff to the sawmill of the [grantees]." The said lease was subsequently transferred to the Massee & Felton Lumber Company, one of the defendants, and, during the years 1902 and 1903, the said transferee took from said land all the timber to which it was entitled under said lease, and abandoned the remainder of the timber growing on said land. In 1904 the defendants re-entered upon the said land, without any authority, and as wilful trespassers, and cut and carried away therefrom certain trees of the value of $1020; for which sum petitioner prayed judgment. The defendants filed both a general and special demurrer to the declaration. The court sustained the general demurrer and dismissed the petition. The plaintiff excepted.

*Hendricks, Smith & Christian,* for plaintiff.

*Buie & Knight* and *Greer & Felton,* for defendants.

BECK, J. (After stating the facts.)

1. The acts alleged to have constituted the trespass complained of in this action were committed within the period of time during which the defendants, under the terms of the lease, would have had a right to enter upon the premises described, for the purpose of cutting such timber as was described in the lease; and the only question left for determination is whether the trees alleged to have been cut and carried away from said lands were included in the terms descriptive of the timber mentioned in the paper referred to. And those descriptive terms, as set forth in the granting part of the deed, are: "all and singular timber suitable for sawmill purposes growing on" the described lot of land. The plaintiff contends that this description included only the green timber, basing his contention on the technical definition of the word "timber," and the use of the word "growing;" while the defendant contends that the expression quoted from the deed was more comprehensive in meaning, and included all timber suitable for sawmill purposes at the time of the execution of the lease, whether green or dead, and that the word "growing" was identical in meaning with the word "being."

While there is some confusion in the definition of the word "timber," we think that, limited as it is by the further definitive

term "growing," the contention of the plaintiff is the sounder of
the two positions taken by opposing counsel. In the case of *Dick-
anson* v. *Jones*, 36 *Ga.* 97, the following definition is laid down:
"Timber is used technically to denote green wood of the age of
twenty years or more, such as oak, ash, elm, beach, maple, and
with us would include walnut, hickory, poplar, cypress, pine,
gum, and other forest trees." And even if we were not prepared
to adopt, as sufficiently comprehensive, that definition of the term,
when we consider not only the words "growing on the lot," with
their restrictive signification, but the subsequent clause in which
it is stipulated that the lessees are to "have and use said described
timber for sawmill purposes as aforesaid, with all the rights and
privileges of cutting and boxing the trees on said land," the con-
struction which we have given to the effect of the lease, relatively
to the contested issues, is manifestly correct.

2, 3. It is unnecessary to elaborate the rulings made in head-
notes 2 and 3. Except in the particular pointed out in the last
headnote, the petition was not open to criticism made in any of
the grounds of the special demurrer.

*Judgment reversed. All the Justices concur, except Fish, C. J.,
absent.*