## ROBERTS *v.* GRESS.

1. A timber lease of "all and singular the timber suitable for sawmill purposes, growing on" described lots of land, containing a covenant that the vendee "is to have the free use and enjoyment of the timber, for the purposes aforesaid, growing on the said lots of land, for and during the term of ten years" from the date of the lease, conveys to the vendee only the green timber which at the date of the lease is suitable for sawmill purposes.
2. It was error to enjoin the vendor, at the instance of the vendee, from using timber which was dead at the time of the lease, and which did not pass thereunder.

MARCH 19, 1910.

Injunction. Before Judge Mitchell. Berrien superior court. December 16, 1909.

*Hendricks & Christian,* for plaintiff in error.

*J. P. Knight* and *W. G. Harrison,* contra.

EVANS, P. J. On October 16, 1902, Stephen Roberts conveyed to Morgan V. Gress "all and singular the timber suitable for sawmill purposes growing on the following described lots of land, to wit" (then follows the description of the lots of land). The deed, or timber lease, contained this stipulation: "and it is expressly understood and agreed by and between the parties hereto that the

said party of the second part is to have the free use and enjoyment of the timber, for the purposes aforesaid, growing on the said lots of land, for and during the term of ten years from the 16th of October, 1902." On September 27th, 1909, Gress filed his petition against Roberts, alleging that he was cutting into cross-ties the sawmill timber embraced in his conveyance to Gress and removing the ties from the land, and praying that he be restrained from so doing. At the interlocutory hearing the defendant showed cause against the grant of the injunction, by demurrer and by answer. In his answer the defendant disclaimed cutting any timber conveyed by his lease, but admitted that he was cutting into cross-ties the dead timber upon the land, which was not conveyed by his lease, and prayed that the plaintiff be restrained from in any wise molesting him in the proper use of such dead timber. After hearing the evidence the court enjoined Roberts "from cutting cross-ties, or otherwise in any manner interfering with the sawmill timber on the land in question, until the further order of the court, and in the meantime the said plaintiff, M. V. Gress, is hereby restrained from interfering with the cross-tie timber now dead, standing or lying upon the ground upon said land, until the further order of the court." Roberts excepts to the grant of the injunction as against him.

1. There is no dispute that on October 16th, 1902, Stephen Roberts was the owner in fee of certain land lots, and that on that date he conveyed to Morgan V. Gress all the timber suitable for sawmill purposes growing thereon, with a covenant that Gress was to have the free use of the timber (for sawmill purposes) growing on the land, for the term of ten years from the date of the lease. The essential point of difference between the litigants is the construction of the lease, and the determination of what character of timber was thereby conveyed. The timber conveyed by the lease embraced only the green timber which was at the date of the lease suitable for sawmill purposes. Dead trees, whether standing or felled, did not pass under the terms of the lease. *Handcock* v. *Massee,* 127 *Ga.* 698 (56 S. E. 1021). Growing trees suitable for sawmill purposes at the date of the lease passed thereunder, and there was no reversion to the vendor of any part of the growing trees of that character which afterwards may have died. The evidence submitted by the plaintiff was to the effect that the defendant was

cutting timber not covered by the lease. The statement in the plaintiff's affidavit that the defendant was cutting .timber not covered by the lease was general, and no witness for him undertook to specify the character of the timber which the defendant was cutting into cross-ties. The defendant submitted evidence to the effect that he was cutting into cross-ties timber which was dead at the time of the execution of the lease and which did not pass thereunder. There was no evidence whatever that the defendant was cutting any green timber, or that the dead timber was green and growing timber at the date of the lease, but which subsequently thereto had become dead. Under such circumstances we think it was error to enjoin the defendant from the enjoyment of his property which was not conveyed by the lease; and the judgment is reversed with direction that the restraining order be so modified that the defendant shall not be restrained from cutting cross-ties out of the timber which was dead at the date of the lease.

*Judgment reversed, with direction. All the Justices concur, except Fish, C. J., absent.*