*H. C. Strickland,* contra.

---

6755. REA *v.* THE STATE.

Where testimony set out in an indictment for perjury was that white-oak "trees," which would average 500 feet of lumber to the tree, were cut from certain land by a named person, a general allegation of its falsity and an allegation that he had not cut any white-oak "lumber" from the land described did not sufficiently negative the truth of the testimony.

DECIDED JANUARY 11, 1916.

Indictment for perjury; from Walker superior court—Judge Wright. June 1, 1915.

The demurrer is on the grounds, that the indictment charges no crime, taken as a whole; that it is insufficient to put the accused "on notice and trial for any offense, and especially the offense charged;" and that it "does not deny the truth of the facts alleged to have been testified to by him."

*H. P. Lumpkin, J. E. Rosser,* for plaintiff in error.

*W. H. Ennis, solicitor-general, W. B. Shaw,* contra.

WADE, J. The accused was charged with perjury, for that, in a judicial proceeding brought by him to recover from a named person the sum of $340 for cutting and removing 25,000 feet of

"white-oak timber" from a described lot of land, after a lawful oath had been administered to him, he "wilfully, knowingly, and absolutely swore falsely," in a matter material to the issue, etc., that the person named "had cut 40 white-oak trees that would average 500 feet of lumber to the tree from said lot of land," when in truth and in fact the said person "had not cut any white-oak lumber from said lot of land, which fact was well known," etc. The indictment charges that the accused testified that the defendant in the civil suit had cut 40 white-oak "trees," when in truth and in fact the defendant had not cut any white-oak "lumber" from the lot of land described. The indictment does not deny that the defendant in the civil proceeding had cut any white-oak "trees," but simply alleges that he had cut no white-oak "lumber." Under the ruling in *Pennington* v. *Avera*, 124 *Ga.* 147, 149 (52 S. E. 324), the word "timber" is comprehensive enough to include "wood suitable for building houses or ships, or for use in carpentry, joinery, etc., or trees cut down and squared, or capable of being squared, or cut into beams, rafters, boards, etc., or growing trees suitable for constructive uses, or trees generally, or woods, or a single piece of wood, whether suitable for use in some construction, or already in use." See also Standard Dict. "Lumber is timber sawed or split for use in building, that is, the manufactured product of logs." 25 Cyc. 1546. "Lumber—timber sawed into merchantable form, especially boards." Stand. Dict. "Timber," in the ordinary signification of the term, includes trees; but "lumber," in the absence of any statute extending its meaning, includes the manufactured product of trees only. The indictment did not sufficiently deny the truth of the facts alleged to have been testified to by the accused, and the court erred in refusing to sustain the demurrer.

*Judgment reversed.* ·*Broyles, J., dissents.*

BROYLES, J., dissenting. While I recognize that, technically, "lumber" and "trees" are distinct terms, since the former term properly includes manufactured products only, yet, construing the allegations in the indictment all together, the accused was sufficiently informed thereby as to the precise nature of the offense charged against him, and the falsity of the testimony delivered by him was sufficiently set forth and declared in the indictment. In my opinion, therefore, the court did not err in overruling the demurrer to the indictment.