## ADEL MANUFACTURING COMPANY *v.* McDERMID.

1. Under the pleadings and the evidence an interlocutory injunction against the cutting, felling, and removing of the growing timber "suitable for sawmill purposes" on the lands in question was unauthorized. An injunction against the cutting, felling, and removing of the dead timber, even though suitable for sawmill purposes, was authorized. The order granted is susceptible of the construction that the cutting and removing of all timber, both growing timber and dead timber, suitable for such purposes, is enjoined. Direction is therefore given that the same be so modified as to allow the plaintiff to cut and remove all growing timber suitable for sawmill purposes.

2. The court did not err in enjoining the plaintiff from using the land, upon which the timber is situated, as a manufacturing site.

No. 1648. MAY 15, 1920.

Injunction. Before Judge Eve. Cook superior court. September 6, 1919.

On January 23, 1917, D. W. Whitehurst executed and delivered to the Adel Manufacturing Company a lease by which he conveyed to the company the "timber suitable for sawmill purposes" on a described tract of land. After the lease was executed and recorded Whitehurst sold the land to H. C. McDermid, who took possession. The company entered upon the land and commenced to cut and manufacture the timber into cross-ties, but McDermid refused to allow the company to do this; and the company filed a petition for injunction. McDermid filed a cross-bill in which he averred that the lease under which the plaintiff claimed the right to cut and manufacture the timber had, since its execution, been altered and changed by striking from the lease the word "growing" wherever it appeared in connection with the word "timber" or "trees" in said lease; that the plaintiff had cut and removed certain dead timber from the land; and that the plaintiff was not, by the terms of the lease, authorized to cut and manufacture the growing timber suitable for sawmill purposes into cross-ties. Upon the hearing the court granted an order enjoining the plaintiff from cutting, felling, or removing the trees from the land described in the petition and answer; but provided that the injunction might be dissolved by the plaintiff upon its giving a bond conditioned to pay any amount which might be awarded to the defendant as damages upon the final trial. It was further ordered that the plaintiff be enjoined from manufacturing any of the timber into cross-ties or other products. To this order the plaintiff excepted.

*Jackson & Connell* and *E. K. Wilcox,* for plaintiff.

*J. Z. Jackson,* for defendant.

GEORGE, J. (After stating the foregoing facts.)

The lease in question conveyed to the plaintiff in error, for a valuable consideration, "all and singular the timber suitable for sawmill purposes" on a described tract of land. The phrase "timber suitable for sawmill purposes" is descriptive of the property conveyed, and is not a limitation upon its use. *Gray Lumber Co.* v. *Gaskins,* 122 *Ga.* 342 (50 S. E. 164); *Shaw* v. *Fender,* 138 *Ga.* 48 (74 S. E. 792). It follows that the sale of "timber suitable for sawmill purposes" carries with it the right to use such timber for any purpose for which the purchaser sees fit to use it. If the timber is in fact "suitable for sawmill purposes," the

purchaser may use it for cross-ties. The defendant in error contends that the use of the timber is limited, and relies upon a clause inserted in the lease after the description of the property conveyed, which is as follows: " To have, cut, and use said described timber for sawmill purposes as aforesaid, with all the rights and privileges of cutting, felling, and hauling the trees on said land suitable for sawmill purposes, and the construction and operating of all necessary tramroads over said land for the purpose of conveying the said sawmill timber to the mill of the said party of the second part, or that may be necessary in the operation of the sawmill business." This clause can not be construed as a limitation upon the use of the timber. See *Martin* v. *Peddy,* 120 *Ga.* 1079 (4) (48 S. E. 420) ; *Allison* v. *Wall,* 121 *Ga.* 823, 828 (49 S. E. 831) ; *Pennington* v. *Avera,* 124 *Ga.* 147, 149 (52 S. E. 324).

Whether the lease as executed conveyed only the growing timber suitable for sawmill purposes, as contended by the defendant, or whether it conveyed all timber suitable for sawmill purposes, as contended by the plaintiff, is, under the evidence, a question of fact. The evidence for the defendant tended to show that the lease as executed conveyed only the growing timber suitable for sawmill purposes. In this view of the matter, the interlocutory order, in so far as it enjoined the plaintiff from cutting, felling, or removing any of the dead timber from the land, even though such timber were suitable for sawmill purposes, was authorized under the pleadings and evidence. Inasmuch as the order as passed enjoined the plaintiff from cutting, felling, or removing any of the timber (including the growing timber) suitable for sawmill purposes, the same should be modified. It is not clear that the court intended to enjoin the cutting, felling, and removing of the growing timber suitable for sawmill purposes from the land; but, in view of the terms of the order, we deem it proper to direct a modification of the interlocutory injunction as indicated. If the court intended to permit the plaintiff in error to cut, fell, and remove all the timber, whether growing or dead, suitable for sawmill purposes, we do not hold that it would not be proper to permit the cutting of the dead timber upon the giving of a bond conditioned to pay the defendant in error any

amount which might be awarded to him as damages upon final trial.

In so far as the court enjoined the plaintiff in error from using the land upon which the timber is situated as a manufacturing site, the injunction was authorized. The lease, the material provisions of which are set out above, does not, expressly or by necessary implication, grant the right to occupy the land for the purpose of manufacturing the timber. The right expressly granted is the right to cut, fell, and remove the "trees on said land suitable for sawmill purposes." If the lease had conveyed all the timber suitable for "cross-tie purposes," a different question would have been presented, in view of the fact that cross-ties are usually manufactured on the land. The evidence tended to show that the timber was enclosed in a pasture; that the use of the land for manufacturing purposes would result in special injury to the defendant; and that the mill of the plaintiff was, at the time of the execution of the lease and at the time of the hearing, located on lands other than the leased premises.

*Judgment affirmed, with direction. All the Justices concur.*