MILLER & VIDOR LUMBER COMPANY v. KIRBY LUMBER COMPANY ET AL.

No. 3397.  Decided January 3, 1923.

(246 S. W., 354.)

**1.—Conveyance—Merchantable Timber.**

The term "merchantable" in conveyances of growing timber has reference to such as was marketable at the date of the deed, not to such as subsequently becomes so by growth or by change of custom as to marketability.  But a reservation to the grantor, in a deed to land, "of all merchantable pine timber upon such lands for a period of eighteen years from date hereof" would include in the timber so reserved all which became marketable by growth during the period mentioned.  (p. 282).

**2.—Same—Change in Customary Standards.**

A conveyance, or reservation in a conveyance, of the title, for a term of years, to merchantable timber on the land, covered such only as was determined to be merchantable by standards customary at the date of the deed, and did not include timber which might be considered marketable by subsequent change in such custom and standards.  (p. 282).

**3.—Deed—Reservation—Merchantable Timber.**

A reservation to the grantor, in a deed of land, of title to "all the merchantable pine timber standing or growing or to be standing or growing" on such land, with right to cut and market the same for a period of twenty years, included by its terms all timber which, during that period, should thereafter become merchantable by growth.  (p. 282).

Questions certified from the Court of Civil Appeals for the Ninth District, in an appeal from Orange County.

The Supreme Court having referred the questions to the Commission of Appeals, Section A, for their opinion, hereby adopts same and certifies it to the Court of Civil Appeals as its answer to such questions.

*E. E. Townes, H. H. Baker, T. L. Foster,* and *Foster & Hardwicke,* for appellant.

A deed to merchantable timber conveys only the timber that is merchantable at the time of conveyance, and will not include timber that subsequently becomes merchantable, unless the conveyance expressly so provides; and the reservation in the deed from Beaumont Lumber Company to J. W. Sanders, dated May 24, 1901, should be construed to reserve the pine timber that was merchantable on the said date, according to the usage and custom then obtaining in the timber and lumber business in the locality of said timber, there being nothing in the said deed to show an intention to reserve pine timber that was not then merchantable. 25 Cyc., 1550; Pennington v. Avera, 52 S. E., 324; Kaul v. Weed, 53 Atl., 489; Huron Land Co. v. Davison, 90 N. W., 1034; Balderson v. Seeley, 125 N. W., 37; Wilson Lumber Co. v. Alderman, 61 S. E., 217; Hardison v. Dennis Simmons Lumber Co., 48 S. E., 588; Warren v. Short, 25 S. E., 704; Allison v. Wall, 49 S. E., 831; McRae v. Stillwell, 36 S. E., 604; Crawford v. Atlantic Coast Lumber Co., 60 S. E., 445; Griffin v. Anderson-Tully Co., 121 S. W., 297; Smith Lumber Co. v. Jernigan, 64 So., 300; Wright v. Bentley Lumber Co., 65 So., 353; Polley v. Ford, 190 Ky., 579; Robertson v. Weston Lumber Co., 124 Miss., 606; Pearl River County v. Wyatt Lumber Co., 270 Fed., 26; Southwestern S. & D. Co. v. May, 220 S. W., 133; Zimmerman v. Wilson, 80 So., 422; Miller-Brent Lumb. Co. v. Dillard, 75 So., 30; Vandiver v. Byrd-Mathews Lumb. Co., 90 S. E., 960; Roberts v. Gress, 67 S. E., 802; Whitfield v. Rowland Lumb. Co., 67 S. E., 512.

A deed to merchantable timber conveys only the timber that is merchantable at the time of the conveyance, and will not include timber that subsequently becomes merchantable, unless the conveyance expressly so provides; and the reservation in the deed from Beaumont Lumber Company to J. W. Sanders, dated July 14, 1899, should be construed to reserve the pine timber that was merchantable on the said date, according to the usage and custom then obtaining in the timber and lumber business in the locality of said timber, there being nothing in the said deed to show an intention to reserve pine timber that was not then merchantable. Same authorities.

*Holland & Holland, Andrews, Streetman, Burns & Logue,* and *Kennerly, Williams, Lee & Hill,* for appellees.

A reasonable construction should be given to a reservation or exception, according to the intention of the parties ascertained from the entire instrument; in the deed from the Beaumont Lumber Company to J. W. Sanders, dated May 24th, 1901, the reservation and exception of "all merchantable pine timber upon said lands for a period of eighteen years from the date hereof, and said J. W. Sanders accepts this conveyance subject to said exception, and with the express undertaking that said company shall have the right to remove said timber from time to time, and at any time, during said period of eighteen years," when reasonably construed, clearly shows that the parties intended such reservation to cover all timber of merchantable quality upon the land during such period. Havard v. Carter-Kelley Lbr. Co., 125 S. W., 928; Dexter v. Lathrop, 20 Atl., 547; Wheeler v. Carpenter, 107, Pa. St., 271; Dennis-Simmons Lbr. Co. v. Corey (N. C.), 53 S. E., 300; Bryant v. Bates (Ky.), 39 S. W., 428; Elliott on Contracts, Vol. 2, Sections 1508 to 1509, inclusive; 13 Cyc., 677; 25 Cyc., 1550.

MR. JUDGE SPENCER delivered the opinion of the Commission of Appeals, Section A.

The Honorable Court of Civil Appeals for the Ninth Judicial District certified to the Supreme Court the following facts found and questions stated:

"Appellant sued appellees in the District Court of Orange County for the recovery of title and possession of two tracts of land situated in Jasper County, and for damages for the value of timber removed from said land. Judgment in the Trial Court was rendered in favor of appellant for the land, and against the appellant on its claim for damages.

"Appellees admit the appellant's ownership of the land and the only controversies hinge upon the effect to be given to timber reservations in deeds under which appellant holds title. Those deeds are in the ordinary form of conveyances of title, with habendum and warranty clauses in the usual form, and they undoubtedly pass all the realty except what is reserved in clauses relating to timber and a clause in one deed relating to oil and mineral rights. The oil and mineral right is not in question on this appeal.

"The deeds under construction are:   (1)   A deed of date May 24, 1901, from Beaumont Lumber Company to J. W. Sanders, conveying many tracts of land, including one of the tracts involved in this suit.   (2)   A deed of date July 14, 1899, also from Beaumont Lumber Company to J. W. Sanders, conveying many tracts of land, including the other one of the two tracts involved in this suit.

"It was agreed upon the trial that appellant, Miller & Vidor Lumber Company, owed such title and rights as were acquired by the said J. W. Sanders by virtue of said deeds, and that the appellee, Houston Oil Company of Texas, acquired such title and rights as were reserved to the Beaumont Lumber Company in said deeds. The timber reservation on the first named deed, from Beaumont Lumber Company to J. W. Sanders, of date in 1901, was in the following language:

'The above and foregoing conveyance of said tracts and parcels of land is made, however, subject to the following conditions: Said company reserves unto itself, its successors and assigns, all merchantable pine timber upon said lands for a period of eighteen years from date hereof, and said J. W. Sanders accepts this conveyance subject to said exception, and with the express understanding that said company shall have the right to remove said timber from time to time, and at any time during said period of eighteen years, and that said company reserves the right of ingress and egress upon any part of said land for the purposes of removing timber, either by team, tramways, roadways or by any means whatsoever.

"The merchantable pine timber was reserved in the second named deed from the Beaumont Lumber Company to J. W. Sanders by the following clause:

'Save and except all the merchantable pine timber standing or growing, or to be standing or growing upon the above described several tracts, lots and parcels of land, the title of which said Beaumont Lumber Company hereby expressly retains in itself, together with right of free ingress and egress to, for itself, its successors and assigns, and its or their employes and tenants, with tram railroads, engines, cars, machinery, carts, wagons, or other vehicles, horses, mules or cattle as by it, him, or them shall be deemed necessary, convenient or desired at any and all times in and upon the said lands, and to cut and remove the said merchantable pine timber therefrom for and during the full space of twenty years from the 14th day of July, 1899, and expiring on the 14th day of July, 1919, at and from said latter date this deed is to become absolute, and not until then, together with all and singular the rights, members, hereditaments and appurtenances to the same belonging or in anywise incident or appertaining.'

"It was agreed, also, that the defendant, Kirby Lumber Company, cut and removed the pine timber from said two tracts of land, under agreement with the Houston Oil Company of Texas, purporting to give it the sole right to cut timber from the holdings of the Oil Company, and that the Kirby Lumber Company cut and appropriated the timber from said tracts.

"The Trial Court held that all of the timber that was cut and removed by the appellees was merchantable, at the time it was cut,

and declined to find from the evidence the standard of merchantable quality for pine timber at the dates when said deeds were made, and what portion was not merchantable according to such standard when removed.

"The evidence is conflicting and would authorize a finding that much valuable timber had been taken from the tract of land covered by the deed of 1901 which was not large enough to be considered marketable timber at the date of the deed, and that a substantial part of it was not large enough even when cut to be considered marketable timber according to the standards of merchantable quality existing at the date of the deed; and that from the land covered by the deed of 1899 there was taken by appellees much timber which was not merchantable when it was taken according to the standard of merchantable quality existing at the time when the deed was executed.

"The questions, therefore, result from growth in size of the timber during the period covered by the contract and from probable changes in the standard of merchantable quality in use at different times.

"It is apparent from the agreements in the record that the same questions arise in other litigation between the same parties involving large tracts of timber held under the same deeds and others similar to them, and it is also clear that a final decision of these questions is of great and pressing importance to the public. We, therefore, and in view of the dissenting opinion, request the Supreme Court to answer the following questions:

"(1). As of what *time* should the test be applied to the timber to determine what trees had grown large enough to be merchantable? Did the deed of date 1901 reserve only what was *at that time* 'merchantable pine timber'; or did such reservation include all timber which should, during the period of eighteen years from its date, become 'merchantable pine timber'?

"(2). The same question as above is propounded as to the deed of 1899.

"(3). What *test* of merchantable quality should be applied under these deeds, and each of them, if there be any difference in that respect? In other words, should the question of right to take timber of a given state of development or given dimensions be tested by the standard of merchantable quality in use at the time the particular deed in question was executed or the standard in use at the time the timber was cut?"

In view of the language employed in the deed of 1901, it cannot be doubted that the grantor intended to reserve to itself, its successors and assigns, the timber rights of the land conveyed for a period of eighteen years. The timber reservation was not, however, full and complete but restricted to merchantable timber.

According to the great weight of authority, the term merchantable in timber deeds has reference to such timber as was marketable at the date of the deed, and in the absence of provisions to the contrary, does not convey such as subsequently becomes merchantable by growth, or change in custom or marketability. Polley v. Ford, 190 Ky., 579, 227 S. W., 1007; Roberts v. Gress, 134 Ga., 271, 67 S. E.; 802; Whitfield v. Roland Lbr. Co., 152 N. C., 211, 67 S. E., 512; Robertson v. H. Western Lumber Co., 124 Miss., 606, 87 Sou. 120, and authorities there cited.

Had the parties to the deed in the present case intended to confine the reservation to timber merchantable at the date of the deed they would not have added the words 'for a period of eighteen years from the date hereof.' The reservation of all merchantable timber at the date of the deed would have been accomplished by the omission of these words. Their use cannot, therefore, be ignored but must be given effect in construing the contract. Their use could serve but one purpose;—that is, to include within the reservation of marketable timber, the timber subsequently becoming marketable by growth. This is the evident meaning of the language used.

There is nothing in the deed, however, that expressly or impliedly indicates that it was the intention to reserve timber that might subsequently become merchantable by reason of change in market conditions and in the absence of any such provision the merchantability is to be determined by the standard in use at the time the deed was executed, and not the standard that may have come into use at a subsequent time within the eighteen year period. Authorities supra.

The reservation in the deed of 1899 presents no serious difficulty. In it there is reserved to the grantor all merchantable timber standing or growing, or to be standing or growing upon the land for the period stated. This language is sufficiently comprehensive to include and does include timber subsequently becoming merchantable by growth.

The test of merchantability in this instance, is of course, the same as in the case of the conveyance of 1901, and what has been said with reference thereto in construing that instrument, is applicable in construing the present one. In this case, as in that, there is no expressed or implied provision reserving timber that subsequently becomes marketable on account of changed market conditions and in the absence of such a provision the standard of merchantability is to be tested by the standard in use at the date of the execution of the deed. To hold otherwise, would be to import into the contract, a provision not found therein.

In answering the certified questions, we hold: (1) That the test of merchantability in use at the date of the execution of the deed is the test to be applied to determine what trees had grown merchant-

able and not the standard in use at the time of the cutting of the timber. The deed of 1901 reserved all timber merchantable at the date of the execution of the deed, and all that subsequently became merchantable by growth during the stated period, tested by the standard of merchantability ·in use at the date of the deed. (2) The same answer applies as to the construction to be given in the deed of 1899. (3) The answers to questions 1 and 2, render unnecessary an answer to question No. 3.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions is adopted and ordered certified to the Court of Civil Appeals.

*C. M. Cureton, Chief Justice.*