GASKINS *et al.* v. FUTCH.

GILBERT, J. An owner of land conveyed "all of the timber and trees of every kind, size, and description standing, growing, lying, or otherwise existing and being, standing or down," upon described land. The lease also recited that "the words 'trees' and 'timber,' when used herein, shall each include the other, and each shall be construed to include all of the timber of every kind and description as conveyed. . . The lease also conveyed full and free right to cut and remove all or any portion of the same for and during the period of twenty years from the date of the conveyance, together with the right of ingress and egress from and to said lands, and to construct, maintain, and operate such buildings, roads, tramroads, railroads, etc., as they may deem necessary or convenient for the purpose of removing the timber and trees and exercising the rights granted; and that inasmuch as said 'trees' may be removed by steam power, it is agreed that the grantees are not to be held liable for damages caused by the operation of trains, engines, etc." *Held:*

1. The subject-matter of the grant is timber, and according to its terms, as well as the general meaning, timber means trees, and the particular kinds of trees conveyed under this grant were such as would be included in the term "timber," including all such trees and timber standing or lying on the land that are suitable at the time of the grant for use in the manufacture of lumber, or material for building, manufacturing, and kindred purposes, and not embracing trees not large enough to be manufactured for the purposes aforesaid. The trial judge so construed the lease; and therefore there is no merit in the three special assignments of error. *Vandiver* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 113 (90 S. E. 960), and cit.

2. The evidence, though conflicting, authorized the grant of an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., and Atkinson, J., who dissent.*

Russell, C. J. It is very plain to me, from the express words of this contract, that there is no limitation in the use by the lessees of the trees or timber, whether growing or lying upon the ground. Furthermore, it is plain, from a reading of the lease in the *Vandiver* case (supra), that the contract there dealt with was entirely different from the one at bar. I therefore dissent from the judgment of affirmance.

No. 7333. November 16, 1929.

*J. P. Knight,* for plaintiffs in error. *H. W. Nelson,* contra.