DECIDED APRIL 21, 1941.

*Lester F. Watson,* for plaintiffs in error.
*Charles E. Baggett,* contra.

FELTON, J. John Hancock Mutual Life Insurance Company sold to Towns and Bracewell "all of the sawmill timber of all kinds measuring not less than ten inches in diameter at twenty-four inches from the ground, now standing and growing, dead, or falling," on certain described land. The conveyance contained further provisions as follows: "It is hereby agreed between the parties that the grantees shall have the right and privilege, for and during a period of three years from the date hereof, to go upon said described land with their agents and employees, and cut and remove said timber, and that for these purposes the grantees, their agents and employees, shall have the full right of ingress and egress over and upon said described premises for said period of three years, with the right to erect on said described land sawmills, planing-mills, and such other buildings, machinery, or equipment as may be necessary and convenient for the grantees in cutting said timber and manufacturing the same into lumber on the premises. The grantees are to further have the right of making such roads across said described land as may be necessary for the removal of said timber or the lumber manufactured therefrom, and they shall have the right to erect such temporary buildings on said land as will be convenient and necessary to them in the cutting and removal of said timber, it being expressly understood and agreed that such saw-mills, planing-mills, buildings, machinery, and equipment are not to become fixtures attached to the land, and that the grantees are to have a period of six months after the expiration of said three-year period, or after the expiration of any renewal hereof, within which to remove the same from the premises." Taylor and Dean purchased the land from the insurance company, subject to the tim-

ber lease or deed. Within the time provided in the lease within which Towns and Bracewell had the rights to the timber, they cut certain mulberry trees into about 2100 fence-posts. Taylor and Dean objected to the posts being moved from the premises, on the theory that mulberry timber is not sawmill timber. Towns and Bracewell sued in trover for the posts. The judge, trying the case without a jury, found in favor of the plaintiffs. The defendants excepted to the overruling of their motion for new trial.

P. H. Towns testified, in part: "I carried some mulberry timber to my father's mill, but I didn't saw it. I have seen it made into crossties, plow stocks, etc. Mulberry will make lumber, and it won't twist. . . I have seen my father saw mulberry. . . Those posts would run around twelve to sixteen inches. They could be sawed into crossties and sills." W. L. Rogers testified for the defendants: "I have seen crossties and 4 x 4's cut out of it (mulberry), and sills. . . I don't see why it shouldn't be suitable for sawmill purposes." E. G. McLendon testified for the defendants: "It is suitable for sawmilling. . . If I bought all the timber on a tract of land suitable for sawmill purposes, I would cut the mulberry. I know of no reason why it could not be used for lumber of some kind." J. R. Broadhurst testified for the plaintiffs: "I would consider mulberry sawmill timber. I have worked with timber for about forty years." This evidence is not exhaustive. There was additional testimony to the same effect, and some testimony in the nature of negative testimony to the effect that certain witnesses had never sawed mulberry and had never heard of its being sawed, etc.

The expression "sawmill timber" is descriptive of the property conveyed, and is equivalent to the expression "suitable for sawmill purposes." Such latter expression has been held a description of the property conveyed, and not to be a limitation upon its use. *Adel Manufacturing Co.* v. *McDermid,* 150 *Ga.* 238 (103 S. E. 223). This is true where, as in this case, there is in the lease a clause such as the following: "To have, cut, and use said described timber for sawmill purposes as aforesaid, with all the rights and privileges of cutting, felling, and hauling the trees on said land suitable for sawmill purposes, and the construction and operating of all necessary tramroads over said land for the purpose of conveying the sawmill timber to the mill of the party of the second

part, or that may be necessary in the operation of the sawmill business."

The judge was authorized to find from the evidence that mulberry trees of the size conveyed were sawmill timber, or suitable for sawmill purposes, and that the plaintiffs were justified in felling it to be cut into posts. *Red Cypress Lumber Co.* v. *Beall,* 5 *Ga. App.* 202 (62 S. E. 1056). There was no evidence that the parties to the lease placed any particular meaning upon the words "sawmill timber;" so the only question raised was whether mulberry trees of named sizes were suitable for sawmill purposes. Under the authority cited there was no provision in the lease limiting the use of the timber to manufacture through a sawmill. The definition of timber in *Dickinson* v. *Jones,* 36 *Ga.* 97, in which certain trees are named, is not all-inclusive, because the court concludes the definition with the words "and other forest trees." The court did not err in overruling the motion for new trial.

*Judgment affirmed.  Stephens, P. J., and Sutton, J., concur.*