PARHAM *et al. v.* ROBINS *et al.*

No. 14801.   MARCH 7, 1944.

*John A. Smith* and *Brooks Culpepper,* for plaintiffs in error.

*G. R. Jacob* and *Christopher & Futral,* contra.

DUCKWORTH, Justice. ■ The controlling question in this case is the meaning of the term "merchantable timber" as the same appears in the timber-lease contract under which the defendants claim the right to cut and remove trees as small as four inches in diameter for pulpwood. In 17 R. C. L. 1094, § 21, it is said: "Contracts or deeds for the sale of standing timber frequently specify the size of the timber sold, but sometimes the term 'timber'

is used without definition as to trees included within its scope, and where this is the case resort must be had to the definition of the term as well as to the intention of the parties as manifested by the agreement. Where there is nothing to indicate that the contract was made with reference to any construction of the word 'timber' peculiar to the locality, and the parties appear to have used the term in its customary meaning, it is generally held that firewood is not included. The materials of which 'firewood' or cordwood are composed can not properly be called timber though timber might be used for that purpose, and therefore in a contract for the purchase of timber the purchaser acquires no title to trees not suitable for any purpose but firewood." In *Vandiver* v. *Byrd-Matthews Lumber Co.,* 146 *Ga.* 113, 116 (90 S. E. 960), this court quoted with approval a definition of timber found in *Dickinson* v. *Jones,* 36 *Ga.* 97, and repeated in *Hancock* v. *Massee & Felton Lumber Co.,* 127 *Ga.* 698 (56 S. E. 1021), which is as follows: "Timber is used technically to denote green wood of the age of twenty years or more, such as oak, ash, elm, beech, maple, and with us this would include walnut, hickory, poplar, cypress, pine, gum, and other forest trees." The conveyance considered in the *Vandiver* case, supra, described the timber conveyed as "all the timber of whatever kind and description now growing or being upon," etc. The grantee was given an easement of entry upon the land for the purpose of cutting the timber and removing the same, and this was considered as evidencing a purpose to purchase the trees for use as timber, and to indicate that the deed was intended by the parties to operate only on such trees as came within the conception of the parties as to the meaning of "timber" at the time the deed was executed; and the court said: "Under the phraseology of this deed, we think that the word 'timber' means such trees as were fit to be used in building, manufacturing, or similar construction, and was not intended to embrace sprouts and saplings. . . Such trees as were not suitable to be converted into lumber for building, manufacturing, or for any allied purpose, at the time of the conveyance to John Martin, would not fall within the operation of the deed." For a similar construction of conveyances of timber see *Pennington* v. *Avera,* 124 *Ga.* 147 (52 S. E. 324); *Mc-Rae* v. *Smith,* 164 *Ga.* 23 (137 S. E. 390); *Gaskins* v. *Futch,* 169 *Ga.* 464 (150 S. E. 557); *Neal Lumber &c. Co.* v. *O'Neal,* 175 *Ga.*

883 (166 S. E. 647); 38 C. J. 143; 41 Words & Phrases (perm. ed.), 630; 34 Am. Jur. 493, § 2; 91 A. L. R. 1462. Whether or not the word "timber" as used in the conveyance, nothing further appearing therein to indicate the intention of the parties as to its meaning, is correctly defined in the foregoing decisions of this court, that definition must control its meaning in the present conveyance. The parties to the conveyance are presumed to have known the law of this State, as declared in the decisions of this court, at the time of its execution, and hence, to have intended that the word "timber" when used therein should have the meaning that the decisions of this court theretofore gave it.

We think that the conveyance contains expressions which clearly indicate the intention of the parties as to what trees should come under the conveyance. It authorizes the grantee to locate and operate one or more sawmills upon the premises "for the purpose of manufacturing timber into lumber." It also authorizes the grantee to use smaller trees for the purpose of building and maintaining roads for ingress and egress. In providing for the location of sawmills for the purpose of manufacturing the timber into lumber the parties clearly manifested an intention that the timber thereby conveyed was timber suitable for manufacturing into lumber; and by authorizing the grantee to cut smaller trees in connection with the roadways, they manifested an intention to place a minimum size upon the timber conveyed by the deed.

We think that the word "merchantable," found in the granting clause immediately preceding the word "timber," has the effect of contracting rather than expanding the word "timber." It is obvious that any trees conveyed under the deed must first meet the definition of "timber." Then the word is qualified by "merchantable," thus restricting the trees conveyed to those only which meet the definition of "timber" that is merchantable. Accordingly, the petition, alleging that the defendants were cutting and removing trees that were too small to be manufactured into lumber and other building material, shows that such cutting is not authorized by the timber conveyance, and, hence, that a continuing trespass is being committed. It further alleges that the damages are irreparable, and thus states a cause of action, although the defendants are not alleged to be insolvent. *Couey* v. *Talalah Estates Cor.*, 183 *Ga.* 442, 445 (191 S..E. 822). The court did not err in overruling the general demurrer.

■ The exception to the interlocutory injunction is based upon the contention that the error in overruling the general demurrer to the petition entered into and rendered this judgment illegal. It is conceded that the evidence is sufficient to authorize the injunction. Under the ruling in division 1 of this opinion, this exception is without merit, and the court did not err in granting an interlocutory injunction.

■ The petition alleges that Sara Robins, one of the grantors in the timber-lease contract, died in 1942, that there has been no administration on her estate, and that her interest in the property here involved vested in her heirs at law, who are the petitioners in the present case, and that Sara Robins owed no debts at the time of her death. The petition is not subject to the special demurrer based upon the ground that it is not shown that she died intestate. Nor is the petition subject to the special demurrer upon the ground that no substantial equitable relief is prayed against the resident defendants, and that all the substantial relief sought is against the non-resident defendant, T. A. Parham. Nor is that portion of the petition, praying that he be enjoined from transferring the timber lease, subject to demurrer. If it be shown, as alleged in the petition, that Parham has no further rights under the timber lease, the petitioners are entitled to a judgment in this case that will afford them adequate protection against future claims by Parham, or his transferees under the lease involved. The petition was not subject to any ground of special demurrer, and the court did not err in overruling the same.

*Judgment affirmed. All the Justices concur.*